AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois



FILED

MAY 28 2024

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| United States of America<br>v.<br><br>DALTON LEE MATTUS<br>*Defendant(s)* | Case No. 24-MJ-6105 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __5/17/2024__ in the county of __Tazewell__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | having knowingly been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, a firearm |
| 26 U.S.C. § 5861(d) | knowingly possessed a firearm, namely, a destructive device in the form of an explosive and incendiary bomb, not registered to the defendant in the National Firearms Registration and Transfer Record. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

**redacted**

*Complainant's signature*

Brandon Kientzle, SA ATF
*Printed name and title*

Sworn and subscribed to me telephonically pursuant to Fed. R. Crim. P. 41(d)(3) and Rule 4.1.

Date: 05/28/2024

*Judge's signature*

City and state: Peoria, IL

Jonathan E. Hawley, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-MJ-6105 |
| ) | |
| DALTON LEE MATTUS, ) | VIO: 18 U.S.C. § 922(g); 26 U.S.C. |
| ) | §§ 5841, 5845(a)(8), 5845(f), 5861(d), |
| ) | and 5871. |
| ) | |
| Defendant. ) | |
| ) | |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR CRIMINAL COMPLAINT**

I, Brandon Kientzle, am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"). The undersigned complainant being duly sworn, states the following is true and correct to the best of my knowledge and belief:

**COUNT ONE**
**(Felon in Possession of a Firearm)**

On or about May 17, 2024, in Tazewell County, in the Central District of Illinois,

**DALTON LEE MATTUS,**

defendant herein, having knowingly been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, a firearm.

In violation of Title 18, United States Code, Section 922(g).

1

## COUNT TWO
**(Unlawful Possession of an Unregistered Destructive Device)**

On or about May 17, 2024, in Tazewell County, in the Central District of Illinois,

**DALTON LEE MATTUS,**

defendant herein, knowingly possessed a firearm, namely, a destructive device in the form of an explosive and incendiary bomb, not registered to the defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5845(a)(8), 5845(f), 5861(d), and 5871.

## AFFIDAVIT

I further state:

I.  **BACKGROUND**

1. Your Affiant has been employed as a Special Agent for the ATF since July of 2023. During this time, Your Affiant has been trained in the investigations of narcotics, firearms, and violent crimes. Prior to being a Special Agent with the ATF, Your Affiant was a police officer for the Peoria Police Department in Peoria Illinois since March of 2014. During my time as a police officer, I conducted hundreds of streel level investigations, which many involved drug and firearm violations.

2. While a Peoria police officer, your affiant was trained in the field of explosives. My training included but was not limited to the completion of the Basic Course at the FBI Hazardous Devices School, ATF Homemade Explosive course, and several other advanced explosive courses. During my career in law enforcement, I have acquired knowledge and information about bombing matters from training, informants,

defendants, other law enforcement officers.

3. From my training and experience I have knowledge of explosive and Improvised Explosive Device (IED) related materials. These include (a) the explosive or incendiary material (b) the container, (c) the fusing system, (d) manufacturing tools and supplies, (e) instructional information, (f) purchase documentation, and (g) evidence of prior testing.

4. This affidavit is submitted in support of a criminal complaint alleging that **Dalton Lee MATTUS** violated Title 18, United States Code, Section 922(g) (Felon in Possession of a Firearm) and 26 United States Code, Section 5861(d) (Unlawful Possession of an Unregistered Destructive Device).

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe the defendant committed the offense alleged in the complaint.

6. The statements contained within this Affidavit are based on: (a) my personal participation in this investigation; (b) information provided to me by other federal, state, and local law enforcement officers; (c) my training and experience and the training and experience of other law enforcement agents with whom I have spoken.

II. RELEVANT STATUTES

7. The following federal statutes are relevant to this investigation:

    a. <u>18 U.S.C. § 922(g)(1)</u> states that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for

      a term exceeding one year…to…possess in or affecting commerce, any firearm or ammunition.

      b. 26 U.S.C. § 5861(d) states that it shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record (26 U.S.C. § 5841).

      c. 26 U.S.C. § 5845)(a)(8) defines "firearm" as, in relevant part, a "destructive device."

      d. 26 U.S.C. § 5845)(f) defines "destructive device" as, in relevant part, any explosive, incendiary, or poison gas bomb.

### III. PROBABLE CAUSE

8. On May 17, 2024, Pekin Police conducted a traffic stop of a vehicle displaying a suspended registration traveling on Ann Eliza Street in Pekin, Illinois. Police determined the female driver had a revoked driver's license. Police identified the owner of the car and front seat passenger as Dalton Lee MATTUS. MATTUS told police he was aware the driver had a revoked driver's license. During a subsequent inventory of the vehicle, officers located several syringes, a scale, and a green bag locked with a padlock. The green bag was located under the passenger seat where MATTUS was seated when the vehicle was stopped. MATTUS claimed ownership of the bag and stated the bag contained personal items. MATTUS told officers they would need a warrant to search the bag.

9. Detectives for the Pekin Police Department applied for and obtained a judicially authorized search warrant for MATTUS' padlocked bag. Detectives opened the bag and located a two-tone silver and black Springfield XDs 45ACP pistol. Inside the green bag was a black nylon-style bag. When detectives unwrapped the nylon bag, they located two homemade destructive devices. These devices were constructed of

4

cylindrical cardboard tubing and were equipped with yellow pyrotechnic fuses protruding from the center of each devices. The devices were glued shut on both ends with metallic BBs mixed throughout the glue.

10. Peoria Police Department Explosive Ordinance Disposal (EOD) Unit was notified and responded to the Pekin Police Department. Peoria Police Department EOD took possession of the two destructive devices. The destructive devices were stored in an undisclosed location until they could be rendered safe by the Peoria Police Department EOD Unit.

11. Pekin Police Department Detectives applied for and obtained an arrest warrant for MATTUS for the offense of possession of a firearm by a felon. Police also obtained a judicially authorized search warrant for MATTUS' residence on 2nd Street in Pekin. MATTUS was located and taken into custody at his residence.

12. MATTUS was interviewed by Pekin Police Department Detectives. MATTUS admitted to searching online for information on how to construct the destructive devices. MATTUS admitted to constructing numerous destructive devices at the apartment where he was living. MATTUS told detectives that three more completed devices were inside his apartment. MATTUS admitted to stealing the firearm from his father.

13. During the search of MATTUS' apartment, the following items were located: Three completed destructive devices; glue dispensing devices; eight (8) empty cardboard-like containers/bodies used in the construction of destructive devices with exposed pyrotechnic fuses; two (2) tubes of J-B Kwik adhesive material; an open clear plastic bag containing a white powder material identified as potassium perchlorate; and

a glass jar containing a dark powder material suspected to be explosive powder. The lid of the jar had "7:3" and "P to A" written on the top. Officers also located Crossman Copperhead BBs, two (2) Polymer 80 armorer blocks designed for gunsmiths to assemble and disassemble firearms, and live rounds of .38 caliber ammunition.

14. Peoria Police Department EOD personnel utilized a Thermo-Scientific Gemini chemical analyzer to test the white powder and dark powder located during the search of MATTUS' apartment. The white powder received a presumptive identification of "potassium perchlorate", a substance commonly used in the construction of improvised destructive devices. Testing of the dark powder with the chemical analyzer did not yield a definitive result. The dark powder was very fine and possibly metallic-based. During MATTUS' interview by Pekin Police Detectives, MATTUS stated he uses aluminum powder and potassium perchlorate to construct the compound used for the destructive devices.

15. The Springfield Armory, model XDS, .45 caliber pistol was manufactured outside of the state of Illinois.

16. MATTUS has several felony convictions and is a prohibited person from possessing a firearm or registering any destructive device with the ATF. Further, the ATF certifies that it performed a diligent search of the National Firearms Registration and Transfer Record (NFRTR) and that MATTUS has no approved applications for a destructive device.

17. Based on the foregoing, I believe there is probable cause to believe Dalton Lee MATTUS committed the offenses set forth in this Complaint.

Further affiant sayeth not.

redacted  _____

Brandon A Kientzle
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to me by telephone pursuant to Fed. R. Crim. P. 41(d)(3) and Rule 4.1 this 28th day of May, 2024.

_____
Honorable Jonathan E. Hawley
United States Magistrate Judge

7